Frederick D. FOX, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 24A01–0905–CR–232.

Court of Appeals of Indiana.

Nov. 16, 2009.

John L. Kellerman II, Batesville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Frederick D. Fox appeals his sentence for Class D felony possession of a controlled substance.[1] Fox asserts the trial court abused its discretion by denying his request for alternative misdemeanor sentencing. He also argues we should use our authority under Ind. Appellate Rule 7 to modify this conviction to a Class A misdemeanor. We affirm.

## PROCEDURAL HISTORY[2]

Fox pled guilty to Class D felony possession of a controlled substance and Class A misdemeanor possession of marijuana.[3] Fox asked the court to enter both of his convictions as Class A misdemeanors because a felony conviction would result in revocation of his nursing license. Fox's mother, who works at the same hospital as Fox, testified Fox was a good employee and was missed greatly at the hospital. Fox's wife testified about the hardship his imprisonment was having on her, their son, and their finances. A man for whom Fox is a private-duty nurse testified that Fox had been a great employee and it would be hard to find his replacement.

The court declined Fox's request for alternative misdemeanor sentencing, explaining:

> [T]here's, uh, one oral motion basically from defense ... and that is under the statute regarding A misdemeanor treatment. Uh, I'll tell you Mr. Fox I hear that argument, uh, often when people are seeking A misdemeanor treatment and —— uh, and I'm yet to find somebody who can answer why the Court should ignore or pass over, uh, what you obviously passed over and ignored, and that is the way this effects you. Sen-

---

1. Ind.Code § 35–48–4–7(a).

2. Fox's Appendix includes three pages of the sentencing transcript and only three other documents: the trial court's chronological case summary, the sentencing order, and the abstract of judgment. The Transcript includes only the sentencing hearing, during which no testimony was given regarding the facts underlying Fox's guilty pleas. Accordingly, Fox did not provide the portions of the Record on Appeal indicating the type of controlled substance possessed, the amounts of drugs possessed, or the other circumstances of his crimes.

 Nevertheless, without any citation to the record, Fox asserts "the nature of the offense was not a particularly heinous form of drug possession. Mr. Fox had Xanax in his auto-mobile that had not been prescribed for him and a bag containing two burned roaches in his pants." (Appellant's Br. at 5–6.) We remind counsel "[e]ach contention must be supported by citations to ... the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22," Ind. Appellate Rule 46(A)(8)(a), and "facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)." App. R. 46(A)(6)(a). Additionally, Appellant should include in the Appendix all materials from the Record on Appeal "that are important to consideration of the issues raised on appeal." App. R. 50(g).

3. Ind.Code § 35–48–4–11.

tences effect people in different way and in different degrees, uh, sometimes you find a defendant who truly is surprised that this is what I put on the line by my actions. Uh, you're not one of those defendants. You're one of those defendants who have an advance degree or have a degree and you are a member of a profession who has well schooled you in the concerns about pharmacology and the things that you have assess to and the effects of drugs, and you have a heightened awareness of that then just any members of the public and because of that you have a heightened responsibility with regard to using those items or having them in your possession or guarding against having them in your possession when, uh, you might argue or others in your place might argue somebody else put it there, but I mean that's the reason for the concern because your profession as our profession is under constant public scrutiny, constant criticism, constant —— uh, attack from the public that doesn't understand the service that we provide or the service that you provide and the cost associated with those services, and we're all under higher standard to guard the profession because of those reasons, and you haven't. That's —— uh, the bottom line of it. When you come in here and plead guilty to felony possession or a felony abuse, or a felony of any kind your profession says that means you're not to be a part of us anymore. They do a risk assessment or damage assessment, and they don't want in your profession anymore then in our profession there are things that say you can't be a part of this profession anymore, and having known that put it on the line the way that you did, and the way that you come in here and admitted to. I don't know of any reason, uh, other than those argued by counsel properly and very well, uh, about why

the Court shouldn't —— should pay any attention to that. You didn't, and I'm not going to either, so that Motion would be denied.

(Tr. at 29–31) (errors in original).

For the Class D felony, the court imposed the advisory eighteen-month sentence, *see* Ind.Code § 35–50–2–7(a), with twelve months suspended and twelve months of probation. For the Class A misdemeanor, the court imposed a suspended twelve-month sentence.

### DISCUSSION AND DECISION

1. *Abuse of Discretion*

■ Fox first asserts the court abused its discretion by overlooking two mitigators that justified alternative misdemeanor sentencing. However, Fox has not provided any analysis or authority suggesting the court was required to find and balance aggravators and mitigators when deciding whether to grant that request.

The controlling statute provides:

Notwithstanding subsection (a), if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly. However, the court shall enter a judgment of conviction of a Class D felony if:

(1) the court finds that:

(A) the person has committed a prior, unrelated felony for which judgment was entered as a conviction of a Class A misdemeanor; and

(B) the prior felony was committed less than three (3) years before the second felony was committed;

(2) the offense is domestic battery as a Class D felony under IC 35–42–2–1.3; or

(3) the offense is possession of child pornography (IC 35–42–4–4(c)).

The court shall enter in the record, in detail, the reason for its action whenever it exercises the power to enter judgment of conviction of a Class A misdemeanor granted in this subsection.

Indiana Code § 35–50–2–7(b).

 The statute requires a court to explain why it grants misdemeanor sentencing, but does not require it to explain why misdemeanor sentencing is not granted. Neither is the trial court required to find or balance aggravating or mitigating factors when deciding whether to grant a defendant's request for leniency. The trial court has broad discretion whether to grant leniency under Indiana Code § 35–50–2–7(b). *See McAnalley v. State*, 514 N.E.2d 831, 836 (Ind.1987) (finding no abuse of discretion in refusal to grant alternative misdemeanor sentencing). We decline Fox's invitation to review the court's finding and balancing of aggravators and mitigators.

We find no abuse of discretion in the denial of Fox's request for alternative misdemeanor sentencing, despite Fox's remorse and the harmful impact of a felony conviction on Fox's family and employers. The trial court's questions and sentencing statement sufficiently explain the court's rationale. The possibility of license revocation was placed on Fox by his profession, which maintains high standards for those who will have access to drugs, patients, and sensitive personal information. Fox knew about that consequence before he committed his crimes, and he should have considered the impact of license revocation on his family and employers when deciding whether to possess drugs illegally. We see no abuse of discretion.

2. *Inappropriateness*

 We may revise a sentence if we find it "inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). To revise a sentence, we need not first find the trial court abused its discretion in determining the sentence. *Smith v. State*, 889 N.E.2d 261, 263 (Ind.2008). The "defendant must persuade [us] that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

 The sentencing range for a Class D felony is six months to three years; the advisory sentence is eighteen months. Ind.Code § 35–50–2–7(a). Fox received the eighteen-month advisory sentence.

Fox argues his sentence is inappropriate because he was "eligible" for the "misdemeanor treatment" the legislature provided. (Appellant's Br. at 5.) However, Fox has not explained why an inappropriateness analysis applies to the trial court's decision to enter Fox's conviction as the Class D felony to which Fox pled guilty. We are not convinced such an analysis applies to the court's rejection of Fox's request for alternative misdemeanor sentencing, as the focus of such an analysis would be whether the sentence is of an inappropriate length.[4] *See Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind.2008) ("appellate review should focus on the forest-the aggregate sentence-rather than the trees-consecutive or concurrent, number of counts, or length of the sentence on any individual count").

Nevertheless, Fox has not provided an adequate record for our review. The Record Fox provided is devoid of information about his offenses. *See supra* note 2. Nei-

---

4. We note Fox has not argued his eighteen-month sentence is inappropriate in light of his character or offense.

ther has Fox provided a complete record regarding his character, as he has not included his presentence investigation report. Because the record does not permit us to determine whether Fox's sentence is inappropriate, we affirm his sentence for Class D felony possession of a controlled substance.

Affirmed.

CRONE, J., and BROWN, J., concur.