## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 09 2016, 6:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jessica Merino
Merino Law Firm, PC
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edwin Guzman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 9, 2016

Court of Appeals Case No.
20A05-1509-CR-1548

Appeal from the Elkhart Superior
Court.
The Honorable Gretchen S. Lund,
Judge.
Cause No. 20D04-1503-F6-270

**Barteau, Senior Judge**

## Statement of the Case

Edwin Guzman appeals from the trial court's denial of his motion to correct error following his conviction for being an habitual traffic offender, a Level 6 felony. We affirm.

# Issue

Guzman raises one issue, which we restate as: whether the trial court abused its discretion in denying Guzman's motion to correct error.

# Facts and Procedural History

On March 23, 2015, the State charged Guzman with being an habitual traffic offender after he was involved in an auto accident. Guzman and the State entered into a written plea agreement. Pursuant to the agreement, Guzman would plead guilty as charged. In exchange, the State agreed Guzman would receive a one-year sentence at the county jail, to be suspended and served on probation. The State further agreed, "Defendant may earn misdemeanor [sentence modification] in 365 Days according to I.C. 35-38-1-1.5." Appellant's App. p. 33.

The trial court held a guilty plea hearing, at which a factual basis for the offense was established and Guzman entered a plea of guilty. On July 8, 2015, the court held a sentencing hearing. At the beginning of the hearing, Guzman moved to withdraw his guilty plea under the written agreement and instead to plead guilty as an open plea. Guzman, through counsel, explained to the court, "[Guzman] did not know that by entering this plea [per the written agreement] that the Court would not have, it [sic] its discretion, to be able to sentence him directly to a misdemeanor." Tr. p. 2. The State did not object to Guzman's request. The court granted Guzman's request to withdraw from the plea agreement.

[5]     Next, Guzman asked the trial court to enter judgment against him for a Class A misdemeanor rather than a Level 6 felony. The State disagreed with Guzman's request, asserting the facts of the case justified a Level 6 felony conviction. The court concluded a Level 6 felony conviction was appropriate and entered a judgment of conviction accordingly. The court sentenced Guzman to one year in the county jail, with the sentence to be suspended to probation.

[6]     After the trial court announced the sentence, the State noted that if Guzman later sought to have his felony conviction reduced to a Class A misdemeanor, the State's consent would be required. The State indicated it would not consent, claiming it had only agreed to a modification in the written plea agreement. The court stated, "We'll show that there is not consent from the prosecutor and I will not set it for misdemeanor review at this time." *Id.* at 20. Guzman asked the court to schedule a hearing for a future date, even as he acknowledged the statute governing post-sentencing modification of a conviction "specifies prosecutorial consent." *Id.* The court responded, "If you want it set for some type of a future court date and you find authority for this Court to consider that, please file something with the Court for the Court's review and if it's appropriate, I will schedule it for a future court date." *Id.*

[7]     On July 17, 2015, Guzman filed a request for an expedited hearing, asserting the trial court had the power to sentence him for a Class A misdemeanor after one year had passed if: (1) the court delayed the imposition of the judgment; and (2) Guzman complied with terms of supervision set by the court. On July 22, 2015, Guzman filed a motion to correct error, again requesting

misdemeanor sentencing after one year. The State filed a response. At a subsequent oral argument, Guzman asked the trial court to vacate his conviction, withhold entry of judgment for a year, and then, at a review hearing, enter a judgment of conviction as either a felony or a misdemeanor as the court deemed appropriate. The court took the arguments under advisement and later denied the motion to correct error. This appeal followed.

## Discussion and Decision

[8] We review a trial court's denial of a motion to correct error for an abuse of discretion. *Pribie v. State*, 46 N.E.3d 1241, 1250 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it or when it has misinterpreted the law. *Id.* We do not reweigh evidence. *Id.* To the extent Guzman presents any questions of law, our review is de novo. *Madden v. State*, 25 N.E.3d 791, 795 (Ind. Ct. App 2015), *trans. denied*.

[9] By statute, in specific circumstances a trial court has the authority to enter a judgment of conviction for a Class A misdemeanor upon a person who has committed a Level 6 felony. Ind. Code § 35-50-2-7 (2014). The court's authority to reduce the sentence under that statute is limited to the moment the trial court first enters its judgment of conviction and before the trial court announces sentence. *Fields v. State*, 972 N.E.2d 974, 976 (Ind. Ct. App. 2012) (discussing a prior version of Ind. Code § 35-50-2-7), *trans. denied*. In addition, a trial court has the authority to enter a judgment of conviction as a Level 6

felony, with the express provision in the judgment that the conviction will be subsequently reduced to a Class A misdemeanor, if the defendant fulfills certain conditions and the prosecuting attorney consents. Ind. Code § 35-38-1-1.5 (2014).

[10] Here, Guzman is requesting a different type of relief: he argues the trial court should have granted his request to withhold entry of judgment and should have allowed him to request misdemeanor sentencing after one year, subject to his compliance with whatever terms the court established, without the prosecutor's consent. As part of this argument, Guzman presents a factual claim: he asserts the trial court "indisputably intended to permit Guzman to earn a misdemeanor in one year." Appellant's Br. p. 8. The State disagrees, arguing the court sentenced Guzman for a Level 6 felony and that was the end of the matter.

[11] The record supports the State's argument. The trial court rejected Guzman's request to be sentenced for a Class A misdemeanor and entered judgment against Guzman for a Level 6 felony. After the State explained it would not consent to sentence modification at a later date, the trial court stated, "We'll show that there is not consent from the prosecutor and I will not set it for misdemeanor review at this time." Tr. p. 20. Thus, at the end of the hearing the court did not express an intent to sentence Guzman to a misdemeanor, merely a willingness to consider any additional arguments in support of misdemeanor sentencing that Guzman might present at a later date. *See Johnson v. State*, 507 N.E.2d 980, 983 (Ind. 1987) (rejecting appellant's claim that the trial court believed it lacked the authority to impose alternative

misdemeanor sentencing; record revealed the trial court concluded it had the authority but chose not to use it).

[12] Guzman next claims that even if the trial court did not intend to enter judgment against him for a Class A misdemeanor, the court should have done so pursuant to our Supreme Court's decision in *Debro v. State*, 821 N.E.2d 367 (2005). In that case, Debro and the State entered into a written plea agreement pursuant to which the trial court, which accepted the plea agreement and was bound by its terms, agreed to withhold a judgment of conviction pending Debro's compliance with a year-long compliance plan. If he complied with the plan, no judgment of conviction would be entered. Six weeks later, Debro violated the terms of the plan, and the trial court imposed judgment and a sentence.

[13] On appeal, Debro claimed the plea agreement was void because the trial court was not permitted by statute to decline to enter a judgment of conviction following a guilty plea. Debro further argued as part of his claim that the trial court had no power to delay the entry of a judgment of conviction. On the question of timeliness, our Supreme Court stated, "The trial court may not withhold judgment but is required to enter judgment of conviction immediately unless a temporary postponement is dictated by good cause shown or the interest of justice so requires." *Id.* at 372. The Court further determined Debro's plea agreement was void because the trial court was statutorily obligated to enter judgment on the charge after Debro pleaded guilty, and the agreement would have improperly permitted the court to simply dismiss the

charge. Nevertheless, Debro was not entitled to relief from his voidable guilty plea because he received substantial benefits from the plea agreement.

[14] *Debro* is procedurally and factually distinguishable from this case. In *Debro*, the key issue was whether the parties' written plea agreement was void per se because it permitted the trial court to avoid entering a judgment, in violation of statute, after the defendant had pleaded guilty. By contrast, in this case Guzman withdrew from the parties' written plea agreement and entered an open plea. In addition, Guzman does not allege that his sentence is illegal, claiming only that the trial court should have delayed the entry of judgment. Furthermore, as to the propriety of delaying the entry of judgment, the *Debro* Court merely concluded a delayed judgment is not a "nullity per se." *Id.* The Court was not called upon to decide in that case whether there was good cause for the delay.

[15] We cannot conclude the holding in *Debro* required the trial court in this case to vacate its entry of judgment and to withhold the entry of judgment for one year to consider at that later date whether to sentence Guzman for a felony or a misdemeanor. Also, to the extent *Debro* grants a trial court the discretion to delay the entry of judgment for up to a year as Guzman requests,[1] he has failed to present on appeal any good cause or interest of justice that would have

---

[1] Our Supreme Court has not elaborated upon its discussion in *Debro* as to how long of a delay is too long, but the Court concluded in one case that a thirty-day delay in the entry of judgment was supported by good cause or otherwise in the interest of justice. *See Cleary v. State*, 23 N.E.3d 664, 669 n.2 (2015).

justified such a delay in his case. The trial court did not abuse its discretion in denying Guzman's motion to correct error. *See Fox v. State*, 916 N.E.2d 708, 711 (Ind. Ct. App. 2009) (no abuse of discretion in denying alternative misdemeanor sentencing; record amply supported trial court's determination that a felony conviction was appropriate).

# Conclusion

[16]   For the reasons stated above, we affirm the judgment of the trial court.

[17]   Affirmed.

Bailey, J., and Pyle, J., concur.