## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2020, 9:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Brian Hook | Curtis T. Hill, Jr. |
| Pendleton, Indiana | Attorney General of Indiana |
| | Courtney L. Staton |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Brian Hook, | July 27, 2020 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 20A-PC-306 |
| v. | Appeal from the Wayne Superior Court |
| State of Indiana, | The Honorable Clay M. Kellerman, Special Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 89D03-1905-PC-2 |

**Kirsch, Judge.**

[1] Brian Hook ("Hook") appeals the denial of his petition for post-conviction relief raising two issues:

I. Whether the trial court misled Hook during the guilty plea hearing by failing to advise him that a felony conviction could be used in the future to allege that Hook was an habitual offender; and,

II. Whether trial counsel was ineffective.

We affirm.

## Facts and Procedural History

On March 13, 2012, Hook pleaded guilty to Class D felony operating a motor vehicle while intoxicated ("the 2012 OWI conviction"). *Tr. Vol. II* at 2, 6, 13-17.[1] Before he pleaded guilty, the trial court advised Hook of the potential penalty range he faced and the rights he was waiving by pleading guilty. *Id.* at 5, 7-10. It also advised Hook that he was "creating a permanent adult felony record" and that this record could "be counted against" him in the future, which may cause him to "receive a worse sentence than" he might receive if he did not have those convictions on his record. *Id.* at 9. The trial court advised Hook that, by pleading guilty to OWI, the conviction could be used in the future to allege that Hook was a habitual substance offender[2] or a habitual traffic violator.[3] *Id.* Hook indicated that he understood. *Id.* The trial court did

---

[1] Citations to the record are as follows: "Tr" indicates citations to the transcript from Hook's plea and sentencing hearing, which resulted in the 2012 OWI conviction, and "PC" indicates citations to the transcript for the 2019 hearing on Hook's PCR petition.

[2] *See* Ind. Code § 35-50-2-10 (repealed July 1, 2014).

[3] *See* Ind. Code § 9-30-10-4.

not advise Hook that an OWI conviction could be used in the future to allege that Hook was an habitual offender. The trial court also told Hook that his conviction, as a motor vehicle offense, would be sent to the Bureau of Motor Vehicles and would be added to his permanent driving record. *Id.* Hook indicated that he understood this effect of his guilty plea. *Id.* At the end of the hearing, the trial court sentenced Hook to the Indiana Department of Correction for one year. *Id.* at 47-48; *Appellant's App. Vol. 2* at 11-12.

[3]     On February 26, 2015, Hook was convicted of burglary as a Class B felony, battery as a class A misdemeanor, and adjudicated an habitual offender with the 2012 OWI conviction serving as one of the predicate convictions for his habitual offender status. *Id.* at 60. He was sentenced to twenty years for the burglary conviction and one year for the battery conviction, and his sentence was enhanced by twenty years because of the habitual offender adjudication, yielding an aggregate sentence of forty-one years. *Id.* at 60-61. On May 8, 2019, Hook filed a verified petition for post-conviction relief, contending that trial counsel was ineffective in two ways regarding his 2012 OWI conviction: 1) she allegedly failed to advise Hook that if he pleaded guilty, the 2012 OWI conviction could be used in the future to support an allegation that Hook was an habitual offender and 2) she failed to ask the trial court to impose alternative misdemeanor sentencing by entering judgment on the 2012 OWI conviction as a Class A misdemeanor, instead of as a Class D felony. *Appellant's App. Vol. 2* at 13-20. Hook also argued that the trial court misled him during the 2012 plea and sentencing because, while it advised him about the possibility that the 2012

OWI conviction could support future adjudications for being a habitual traffic violator or habitual substance offender, it failed to advise him that the 2012 OWI conviction could be used to support a future habitual offender adjudication. He claims that because of these failures, his plea was not knowing, intelligent, and voluntary. *Id*.

[4] At the September 13, 2019 hearing on Hook's petition for post-conviction relief, Hook's trial attorney testified that before Hook pleaded guilty to the 2012 OWI charge, she had advised him that such a conviction could be used in the future to support a habitual offender adjudication and that there were notes in her file to confirm that she had advised Hook to this effect. *PC Tr. Vol. II* at 5-10; *State's Ex. 1*. She testified that she had not argued for alternative misdemeanor sentencing because she believed Hook was ineligible for that sentencing option because Hook had three pending matters: 1) the instant Class D felony OWI charge; 2) another Class D felony OWI charge; and 3) a request by the State to revoke his probation because of the new charges. *PC Tr.* at 7; *Tr. Vol. II* at 4.

[5] On January 14, 2020, the post-conviction court denied Hook's petition for post-conviction relief. *Appellant's App. Vol. 2* at 8-9. It determined that the trial court had appropriately advised Hook of the "possibility of a future worse sentence due to having felonies on his record" and that his decision to enter into the plea agreement was knowing, intelligent, and voluntary. *Id*. The post-conviction court also determined that Hook was not denied the effective assistance of counsel as to his sentence. *Id*. at 9. The court found that trial counsel had

called several witnesses, introduced several pieces of evidence, and argued that the trial court should consider numerous mitigating factors. *Id*.

## Discussion and Decision

[6] The petitioner in a post-conviction proceeding bears the burden to establish grounds for relief by a preponderance of the evidence. *Humphrey v. State*, 73 N.E.3d 677, 681-82 (Ind. 2017). When appealing the denial of a petition for post-conviction relief, the petitioner is appealing a negative judgment. *Campbell v. State*, 19 N.E.3d 271, 274 (Ind. 2014). Thus, he must show that the evidence leads unerringly and unmistakably to a conclusion opposite to the post-conviction court's conclusion. *Humphrey*, 73 N.E.3d at 681. Although we do not defer to the post-conviction court's legal conclusions, its findings and judgment will be reversed only upon a showing of clear error which leaves us with the definite and firm conviction that the trial court erred. *Id*. at 682.

## I. Was Hook's Plea Knowing, Intelligent, and Voluntary?

[7] Hook contends his guilty plea was not knowing, intelligent and voluntary because the trial court misled him by advising him that an OWI conviction could be used to support a future charge that Hook was an habitual traffic violator or habitual substance offender, but failing to warn him that an OWI conviction could also be used to support a future habitual offender allegation.

[8] A petitioner who claims that his plea was involuntary and unintelligent must plead specific facts from which the finder of fact could conclude by a preponderance of the evidence that the trial court's failure to make a full inquiry

in accordance with Indiana Code section 35-35-1-2 rendered his decision involuntary or unintelligent. *Stoltz v. State*, 657 N.E.2d 188, 190 (Ind. Ct. App. 1995) (citing *White v. State*, 497 N.E.2d 893, 905 (Ind. 1986)). At the time Hook pleaded guilty, Indiana Code section 35-35-1-2 provided:

(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

(1) understands the nature of the charge against him;

(2) has been informed that by his plea he waives his rights to:

(A) a public and speedy trial by jury;

(B) confront and cross-examine the witnesses against him;

(C) have compulsory process for obtaining witnesses in his favor; and

(D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences;

(4) has been informed that the person will lose the right to possess a firearm if the person is convicted of a crime of domestic violence (IC 35-41-1-6.3); and

(5) has been informed that if:

(A) there is a plea agreement as defined by IC 35-35-3-1; and

(B) the court accepts the plea;

the court is bound by the terms of the plea agreement.

(b) A defendant in a misdemeanor case may waive the rights under subsection (a) by signing a written waiver.

(c) Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty.

Ind. Code § 35-35-1-2.

[9] Hook does not contend that the trial court did not give these advisements, and, therefore, we reject Hook's claim that the trial court's failure to advise him that an OWI conviction could be used in the future for a habitual offender charge rendered his plea unknowing, unintelligent, and involuntary. In advising Hook pursuant to Indiana Code section 35-35-1-2, the trial court did everything it was required to do because advisements about potential future consequences, such as an habitual offender charge, are collateral matters that a trial court is not required to address during a guilty plea hearing. *See Owens v. State*, 437 N.E.2d

501, 504 (Ind. Ct. App. 1982) (potential future habitual offender status is a collateral consequence of a guilty plea). The trial court "is not required to inform the defendant of the possible collateral consequences of his plea as long as the defendant has knowledge and understands the penalty or range of penalties for the commission of the specific act to which he enters his plea of guilty." *Id*. Hook does not contend the trial court did not advise him about the penalty ranges.

[10] Moreover, we have previously held that that a trial court's decision to not advise a person about a potential future enhancement did not mean the plea was not knowing, intelligent, and voluntary. In *Stoltz*, 657 N.E.2d at 92, we held that the defendant's plea of guilty to operating a motor vehicle with blood alcohol level greater than .10% was not rendered involuntary by the trial court's failure to inform the defendant that the conviction would result in an automatic ten-year license suspension because a license suspension was a collateral consequence of the guilty plea. Similarly, in *Allender v. State*, 560 N.E.2d 545, 546 (Ind. Ct. App. 1990), we rejected a claim that a guilty plea was not knowing, voluntary and intelligent because the trial court did not advise the defendant that his driver's license could be suspended for ten years if the Bureau of Motor Vehicles determined that he was an habitual traffic offender. *See also Wright v. State*, 495 N.E.2d 804, 805 (Ind. Ct. App. 1986) (rejecting defendant's claim that guilty plea was not entered knowingly, intelligently, and voluntarily because trial court did not advise him of license suspension ramifications before

accepting his guilty plea), *trans. denied*.[4]  Therefore, Hook has failed to demonstrate that the trial court's decision to advise Hook about some, but not all, of the potential collateral consequences of pleading guilty means that his plea was not knowing, intelligent, and voluntary.

## II. Was Trial Counsel Ineffective?

[11]  Hook argues that his trial counsel was ineffective because she failed to 1) advise him that an OWI conviction could be used in the future to support an habitual offender charge and 2) argue at sentencing that while the OWI conviction was a Class D felony, the trial court should have entered judgment on that conviction as a Class A misdemeanor.

[12]  To prevail on a claim that counsel was ineffective, a defendant must show that 1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and 2) there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *Jervis v. State*, 28 N.E.3d 361, 365 (Ind. Ct. App. 2015), *trans. denied*.  The right to effective counsel includes the plea-bargaining phase.  *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012).  To establish prejudice from counsel's inadequate advice during plea negotiations, a defendant must show

---

[4] We also observe that the trial court advised Hook that he was "creating a permanent adult felony record" that could cause him to "receive a worse sentence than" he might receive if he did not have those convictions on his record.  *Tr. Vol. II* at 9.  This statement plus the advisement from counsel about the potential exposure to a future habitual offender charge further convince us that Hook was not misled.

there was a reasonable probability that he would have rejected the guilty plea and insisted on going to trial. *Bobadilla v. State*, 117 N.E.3d 1272, 1284 (Ind. 2019). To establish this reasonable probability, a defendant must show "special circumstances" that support his claim that he would have proceeded to trial. *Id*. In other words, a defendant must provide facts that demonstrate why he would have moved forward to trial. *Id*. A defendant's naked assertion that he would have proceeded to trial but for the bad advice is insufficient. *Id*. "'Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.' Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 1286 (quoting at *Lee v. United States*, 137 S.Ct. 1958, 1967 (2017)).

[13]   Here, Hook has failed to demonstrate that trial counsel was ineffective. First, the record plainly establishes that counsel did, in fact, advise Hook that an OWI conviction could be used in the future to claim that he was an habitual offender. *PC Tr. Vol. II* at 5-10; *State's Ex. 1*. Moreover, even if counsel had failed to provide such information, Hook has failed to establish prejudice because he does not support his allegations with facts that demonstrate "rational reasons" for him to proceed to trial. *See Bobadilla*, 117 N.E.3d at

1284. Hook's bare assertion, that but for counsel's alleged advice he would have proceeded to trial, does not suffice.[5]

[14] Hook has also failed to demonstrate that trial counsel was ineffective for failing to argue at sentencing that the trial court should enter judgment on Class D felony OWI as a Class A misdemeanor. At the time Hook pleaded guilty, the relevant statute provided, in part:

> (b) Notwithstanding subsection (a), if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly. However, the court shall enter a judgment of conviction of a Class D felony if:
>
> (1) the court finds that:
>
> (A) the person has committed a prior, unrelated felony for which judgment was entered as a conviction of a Class A misdemeanor; and
>
> (B) the prior felony was committed less than three (3) years before the second felony was committed [.] . . .

Ind. Code § 35-50-2-7.

---

[5] Hook also argues trial counsel was ineffective because during the guilty plea hearing she failed to ask the trial court to advise Hook that an OWI conviction could later support an habitual offender allegation. This claim has no merit because as we explained earlier in this decision, the trial court was not obligated to advise Hook about any potential collateral consequences of pleading guilty and also because trial counsel had advised Hook that an OWI conviction could be used to support a future habitual offender charge. *See PC Tr. Vol. II* at 5-10; *State's Ex. 1*.

[15]     We first observe that Hook's argument fails because he has not demonstrated that he would, in fact, have been eligible for this sentencing option. Hook carries the burden to establish grounds for post-conviction relief, and, because he is appealing a negative judgment, he must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction trial court. *Humphrey*, 73 N.E.3d at 681-82. Hook fails to allege and provide supporting evidence that he had not committed a prior unrelated felony for which judgment was entered as a conviction of a Class A misdemeanor and, if he had committed such a prior unrelated felony, the prior unrelated felony was committed more than three years before the second felony was committed; Hook's failure to do so is a failure to establish that he would have been eligible for alternative misdemeanor sentencing. *See* Ind. Code § 35-50-2-7(b)(1).

[16]     Moreover, even if Hook was eligible for alternative misdemeanor sentencing, he has failed to show the trial counsel was ineffective for not arguing for that sentencing option because he has not shown there was a reasonable probability that the trial court would have actually entered judgment on the conviction as a Class A misdemeanor. *See Jervis*, 28 N.E.3d at 365 (petitioner must demonstrate that but for counsel's errors, the result of the proceeding would have been different). A trial court has broad discretion whether to grant alternative misdemeanor sentencing. *F.D.F. v. State*, 916 N.E.2d 708, 711 (Ind. Ct. App. 2009).

[17]     In 2012, when Hook pleaded guilty to OWI, he had an additional Class D felony OWI charge pending and had violated the terms and conditions of his

probation for a 2011 conviction for Class D felony OWI while endangering a person. *Tr. Vol. II* at 7. Between 2008 and the time of Hook's 2012 guilty plea, he had accumulated four separate OWI convictions *Id.* at 41. Before imposing the sentence, the sentencing court described Hook's criminal history as "frightening," "particularly troubling," and "crazy bad." *Id.* at 45, 47. Considering this criminal history, Hook has not persuaded us that if trial counsel had argued for alternative misdemeanor sentencing, there would have been a reasonable probability that the trial court would have used its discretion to grant alternative misdemeanor sentencing. *See Jervis*, 28 N.E.3d at 365. Accordingly, Hook has failed to demonstrate that trial counsel was ineffective for failing to argue for alternative misdemeanor sentencing. [6]

[18]   Affirmed.

Najam, J., and Brown, J., concur.

---

[6] We also observe that trial counsel zealously represented Hook at the guilty plea sentencing hearing. Among other things, she called several witnesses, introduced several pieces of evidence, and argued that the trial court should consider numerous mitigating factors. *Appellant's App. Vol. 2* at 9.