

FILED

Jul 26 2024, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Gregory Darnell Henderson,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

July 26, 2024

Court of Appeals Case No.
24A-CR-667

Appeal from the Marion Superior Court

The Honorable Clark H. Rogers, Judge

The Honorable David M. Hooper, Magistrate

Trial Court Cause No.
49D25-2303-F6-8726

---

**Opinion by Judge Bailey**
Chief Judge Altice and Judge Mathias concur.

**Bailey, Judge.**

# Case Summary

[1] Gregory Henderson appeals his sentence for Resisting Law Enforcement, as a Level 6 felony.[1] He presents the sole issue of whether the trial court's determination that it lacked discretion to sentence Henderson under Indiana Code Section 35-50-2-7, an alternative minimum sentencing ("AMS") statute, was contrary to law. We reverse and remand for resentencing.

# Facts and Procedural History

[2] On March 27, 2023, Henderson was charged with Resisting Law Enforcement. The State and Henderson reached a plea agreement, providing that Henderson would plead guilty, he would receive a sentence of 360 days with 296 days suspended, and the decision whether to enter the conviction as a Level 6 felony or a Class A misdemeanor would be left to the trial court's discretion. On February 21, 2024, Henderson appeared in open court, provided a factual basis, and pled guilty to Resisting Law Enforcement.

[3] The trial court accepted Henderson's guilty plea and turned to the matter of Henderson's request for AMS. The State argued that Henderson was ineligible for AMS because Henderson had, within the prior three years, committed a

---

[1] Ind. Code § 35-44.1-3-1(a)(3).

felony for which judgment would be entered as a misdemeanor. Specifically, Henderson anticipated AMS in a Hendricks County case, contingent upon his successful completion of probation.

[4] Henderson then argued that he had not actually received an AMS benefit in that case. The State urged the court to "let him earn it out there," and the trial court opined that the best course of action would be to "leave this open for appeal." (Tr. Vol. II, pgs. 32-33.) Henderson's counsel responded that he would be "happy to keep that open for appeal" and the State agreed: "Right. I think we should all know the answer to this question." (*Id.* at 33.) The trial court then clarified that: "Defendant may appeal [the] AMS decision by agreement of the parties. That is not encompassed in the appellate waiver." (*Id.* at 34.)

[5] Consistent with the plea agreement, the trial court imposed upon Henderson a sentence of 360 days with 296 days suspended. The trial court entered the conviction as a Level 6 felony, pending appeal.

## Discussion and Decision

[6] In the trial court, the parties disputed the application of Indiana Code Section 35-50-2-7(c), which provides in pertinent part:

> Notwithstanding subsections (a) and (b), if a person has committed a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a crime committed after June 30, 2014), the court may enter judgment of conviction of a Class A

misdemeanor and sentence accordingly. However, the court shall enter a judgment of conviction of a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a crime committed after June 30, 2014) if:

(1) the court finds that:

(A) the person has committed a prior, unrelated felony for which judgment was entered as a conviction of a Class A misdemeanor; and

(B) the prior felony was committed less than three (3) years before the second felony was committed[.]

[7] Statutory construction is a question of law, to which the following standard of review applies:

> When interpreting a statute, our primary goal is to fulfill the legislature's intent. *Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012). And the "best evidence" of that intent is the statute's language. *Id*. If that language is clear and unambiguous, we simply apply its plain and ordinary meaning, heeding both what it "does say" and what it "does not say." *State v. Dugan*, 793 N.E.2d 1034, 1036 (Ind. 2003).

*Mi.D. v. State*, 57 N.E.3d 809, 812 (Ind. 2016).

[8] Indiana Code Section 35-50-2-7(c)(1) proscribes the application of AMS to a second felony within three years when "the person has committed a prior unrelated felony for which judgment *was entered* as a conviction of a Class A misdemeanor." (emphasis added.) The statute employs past tense, as opposed

to prospective, terminology. At the time of Henderson's sentencing, he had not received an AMS benefit within the preceding three years. To the extent that the trial court expressed doubt that it had discretion to enter Henderson's conviction as a Class A misdemeanor, the trial court misconstrued the law.

[9] The State concedes that Henderson was technically eligible for AMS but contends that we need not remand the matter because "this Court can be confident that the trial court would have refused to grant AMS regardless of [Henderson]'s eligibility." Appellee's Brief at 10. The State argues that Henderson's offense endangered others and that he has a criminal history that "do[es] not warrant leniency." *Id.*

[10] We agree with the State that a trial court has discretion as to whether leniency will be accorded under Indiana Code Section 35-50-2-7. *See e.g., F.D.F. v. State*, 916 N.E.2d 708, 711 (Ind. Ct. App. 2009) (recognizing that the trial court is vested with "broad" discretion in utilizing AMS). But we cannot say with confidence that the trial court would reject AMS in Henderson's case regardless of his eligibility. Indeed, the trial court actively encouraged Henderson to seek guidance on eligibility from this Court before the trial court engaged in any deliberative process as to the merits of AMS.

## Conclusion

[11] The trial court misapprehended the law when sentencing Henderson; we thus reverse and remand for resentencing.

Reversed and remanded.

Altice, C.J., and Mathias, J., concur.

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Michelle Hawk Kazmierczak
Deputy Attorney General
Indianapolis, Indiana